**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC., | ) | Case No. 26 CV 10903 |
| | ) | Judge Georgia N. Alexakis |
| | ) | Magistrate Judge Beth W. Jantz |
| Plaintiffs, | ) | |
| v. | ) | |
| DS FENCE COMPANY, | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiffs, Architectural Iron Workers' Local No. 63 Welfare Fund, Architectural Iron Workers' Local No. 63 Defined Contribution Pension Fund, and Architectural Metal Trainee School for Local No. 63 and the Iron League of Chicago, Inc. (together, the "Funds"), and Defendant DS Fence Company ("DS Fence"), through their undersigned counsel, submit this Joint Initial Status Report under the Court's September 10, 2026, order (ECF No. 7) and the Court's standing order on initial status reports. Counsel for the parties conferred under Federal Rule of Civil Procedure 26(f) on November 9, 2026.

## I. Nature of the Case

a. Attorneys of record. The attorneys of record for each party are listed below. The lead trial attorney for each party is identified.

| **Counsel for Plaintiffs** | **Counsel for Defendant** |
|---|---|
| Gregory W. Hosé (lead trial attorney) | Todd A. Miller (lead trial attorney) |

Andrew S. Pigott
Kyle Sullivan
Kay Han
Gregorio, Stec, Klein & Hosé, LLC
2 North LaSalle Street, Suite 1650
Chicago, Illinois 60602
(312) 263-2343
ghose@gregoriolaw.com
apigott@gregoriolaw.com
ksullivan@gregoriolaw.com
khan@gregoriolaw.com

Allocco, Miller & Cahill, P.C.
20 North Wacker Drive, Suite 3517
Chicago, Illinois 60606
(312) 675-4325
tam@alloccomiller.com

b. Nature of the claims. The Funds are multiemployer employee benefit plans affiliated with Architectural & Ornamental Iron Workers Local Union No. 63 ("Local 63"). DS Fence is a fence contractor that signed a Memorandum of Agreement with Local 63 on October 25, 2022, binding it to the Local 63 Fence Agreement (the "CBA") and to the Funds' trust agreements. The Funds engaged Calibre CPA Group, PLLC to conduct a payroll compliance audit of DS Fence for October 25, 2022, through December 31, 2025. Count I seeks, under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the contributions the audit found due to the Funds, together with interest, liquidated damages, audit costs, and attorneys' fees and costs. Count II seeks, under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the contributions and wage deductions the audit found due to the non-ERISA Local 63 accounts and the wages the audit found DS Fence paid its employees below the CBA rates.

c. Major legal and factual issues. The parties identify three principal issues. First, whether the audit's reconstruction of DS Fence's payroll from its bank statements, canceled checks, Zelle transaction records, invoices, and certified payroll reports accurately determines the hours of covered work its employees performed and the contributions due on those hours. Second, whether DS Fence paid its covered employees less than the wage rates the CBA requires, and if so, the amount owed. The audit applied an actual wage rate of $37.50 per hour. DS Fence denies that it paid its employees below the CBA rates. Third, the amount of interest, liquidated damages, audit costs, and attorneys' fees and costs recoverable under 29 U.S.C. § 1132(g)(2) and Section 20.10 of the CBA.

d. Relief sought. On Count I, the Funds seek $590,673.32 in unpaid contributions to the Welfare Fund, the Defined Contribution Pension Fund, and the Trainee School, plus interest, liquidated damages, audit costs of $3,669.98, and attorneys' fees and costs. On Count II, the Funds seek $135,253.92 in unpaid contributions and unremitted deductions owed to the Vacation Fund, the Union Working Assessment, the IMPACT Fund, the Retiree Fund, General Organizing, and IPAL, and $264,570.30 in wages paid below the CBA rates, plus interest, liquidated damages, fees, and costs. The Complaint quantifies the total claimed at $1,264,549.10, which includes $212,307.40 in interest computed through May 7, 2026, and $58,074.18 in liquidated damages. The Funds credit $15,000.00 recovered from a security deposit, leaving $1,249,549.10 claimed as of the filing of the Complaint, exclusive of interest accruing after May 7, 2026, and attorneys' fees and costs. DS Fence denies that it owes these amounts. DS Fence seeks no affirmative relief.

## II. Jurisdiction

a. Federal statutes. Count I arises under Sections 502(a)(3), 502(e)(1), 502(f), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145. Count II arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Jurisdiction also lies under 28 U.S.C. § 1331. DS Fence admits that the Court has subject matter jurisdiction (ECF No. 12, ¶ 3).

b. Diversity and supplemental jurisdiction. Not applicable. No claim rests on diversity or supplemental jurisdiction.

## III. Status of Service

DS Fence, the only defendant, was served with the summons and Complaint on September 18, 2026 (Dkt. 10). No defendant remains unserved.

## IV. Consent to Proceed Before a United States Magistrate Judge

a. Counsel have informed their respective clients of the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment.

b. The parties do not unanimously consent to that procedure.

## V. Motions

a. Pending motions. No motions are pending. The Funds intend to move for leave to file a First Amended Complaint. The proposed amendment would add as plaintiffs the Iron Workers' Mid-America Pension Plan, the Iron Workers' Mid-America Supplemental Monthly Annuity Fund, and Local 63, and would add claims for contributions DS Fence has not reported or paid for months after the audit period. The Funds anticipate presenting the motion at or before the November 17, 2026, initial status hearing.

b. Response to the complaint. DS Fence answered the Complaint on October 9, 2026 (ECF No. 12).

## VI. Case Plan

a. Discovery plan. The parties propose the following discovery plan.

i. General type of discovery needed. The parties anticipate written discovery and document production concerning DS Fence's payroll, banking, Zelle, invoicing, project, and certified payroll records for the audit period and after, the hours of covered work DS Fence's employees performed and the wages they were paid, the Funds' audit work papers, and the Funds' remittance and contribution records for DS Fence. The parties anticipate depositions of Roberto Urquiza, DS Fence employees who performed covered work, and the Funds' auditor. The parties anticipate expert

discovery on the payroll reconstruction and the calculation of the amounts due.

ii. Rule 26(a)(1) disclosures. January 15, 2027.
iii. First date by which to issue written discovery. January 29, 2027.
iv. Deadline to amend pleadings and add parties. March 1, 2027.
v. Fact discovery completion. July 16, 2027.
vi. Expert discovery. The parties anticipate expert discovery. The Funds will serve their Rule 26(a)(2) disclosures and expert reports by August 13, 2027. DS Fence will serve its Rule 26(a)(2) disclosures and expert reports by September 17, 2027. Expert discovery will close on October 15, 2027.
vii. Dispositive motions. November 19, 2027. The parties have reviewed the Court's standing orders on summary judgment.

The proposed schedule is summarized below.

| **Event** | **Proposed Date** |
|---|---|
| Rule 26(a)(1) initial disclosures | January 15, 2027 |
| First date by which to issue written discovery | January 29, 2027 |
| Deadline to amend pleadings and add parties | March 1, 2027 |
| Fact discovery completion | July 16, 2027 |
| Plaintiffs' Rule 26(a)(2) expert disclosures and reports | August 13, 2027 |
| Defendant's Rule 26(a)(2) expert disclosures and reports | September 17, 2027 |
| Expert discovery completion | October 15, 2027 |
| Dispositive motions | November 19, 2027 |

b. Trial. Neither party has requested a jury. The parties estimate that a bench trial would take two to three days.

## VII. Status of Settlement Discussions

a. No settlement discussions have occurred.

b. The parties do not request a settlement conference at this time.

Respectfully submitted,

**ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, *et al.*,**

By: */s/ Kyle Sullivan*
One of their attorneys

**ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, *et al.*,**

By: */s/ Kyle Sullivan*
One of their attorneys

Gregory W. Hosé
Andrew S. Pigott
Kyle Sullivan (ARDC No.: 6336828)
Kay Han (ARDC No.: 6349206)
Gregorio, Stec, Klein & Hosé, LLC
2 North LaSalle Street, Ste. 1650
Chicago, IL 60602
Phone: (312) 263-2343
Email: ksullivan@gregoriolaw.com

**DS FENCE COMPANY**

By: */s/ Todd A. Miller*
One of its attorneys

Todd A. Miller (ARDC No.: 6216561)
Allocco, Miller & Cahill, P.C.
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Phone: (312) 675-4325
Email: tam@alloccomiller.com